UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEREMY JOSEPH REYNOLDS,

                Plaintiff,

    v.                                    9:20-CV-0686
                                            (TJM/ML)

J. O'GORMAN, et al.,

                Defendants.

---

APPEARANCES:

JEREMY JOSEPH REYNOLDS
16-B-2816
Plaintiff, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

In June 2020, plaintiff Jeremy Joseph Reynolds ("Plaintiff") commenced this action by submitting a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). The Complaint contained allegations of wrongdoing that occurred, if at all, while Plaintiff was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Clinton Correctional Facility ("Clinton C.F."). *See generally,* Compl. Plaintiff asserted Eighth and Fourteenth Amendment claims against sixteen individuals including the Governor, commissioners, corrections officers, and

superintendents.  *See* Compl. at 1-5.  Plaintiff did not pay the statutory filing fee and filed an application to proceed in form pauperis.  Dkt. No. 5 ("IFP Application").

In a Decision and Order filed on August 11, 2020 (the "August Order"), the Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  Dkt. No. 7.  The Court dismissed the Eighth and Fourteenth Amendment claims without prejudice for failure to state a cause of action.  *Id*.  In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended Complaint.  *Id*. at 15-16.

On August 31, 2020, Plaintiff filed an Amended Complaint.  Dkt. No. 8 ("Am. Compl.").

## II.    Summary of Amended Complaint

In the Amended Complaint, Plaintiff identifies the following new defendants: Deputy Superintendent Zarniak ("Zarniak"), Captain Delutis ("Delutis"), Deputy Superintendent Holdridge ("Holdridge"), First Deputy Bradford ("Bradford"), Deputy Superintendent Trombley ("Trombley"), Correction Officer B. McIntyre ("McIntyre"), Correction Officer S. Siskavich ("Siskavich"), Correction Officer A. Christon ("Christon"), Correction Officer D. Smith ("Smith"), Correction Officer N. Darras ("Darras"), Correction Officer P. Clancy ("Clancy"), Sergeant K. Randall ("Randall"), Correction Officer Z. Reese ("Reese"), Sergeant D. Duquette ("Duquette"), Sergeant T. James ("James"), Correction Officer T. Baxter ("Baxter"), Correction Officer J. Nephew ("Nephew"), Correction Officer L. Forkey ("Forkey"), Correction Officer M. Carter ("Carter"), Correction Officer M. Ashline ("Ashline"), Correction Officer A. Cymbark ("Cymbark"), E.M.P. L. Whalen ("Whalen"), Captain C. Deltis ("Deltis"), and

Correction Officer J. Mahan ("Mahan").[1]  *See* Am. Compl. at 2-7.  The Amended Complaint does not include any claims against T. Allon ("Allon"), Anthony Annucci ("Annucci"), or the New York Department of Corrections.[2]

The following facts are set forth as alleged by Plaintiff in his Amended Complaint.

On June 11, 2019, at approximately 4:40 p.m., three inmates attacked another inmate in the Main Yard at Clinton C.F.  Am. Compl. at 10.  Defendant Ashline ordered all inmates to lay on the ground.  *Id*.  Plaintiff, who was not involved in the altercation, complied.  *Id*.  The other inmates however, continued to fight.  *Id.*

Defendant Sergeant D. Bomradier ("Bomradier")[3] activated an alarm, over the facility radio, after he observed another physical altercation in the North Yard.  Am. Compl. at 10.  Defendant Correction Officer D. Provost ("Provost") fired a "round or projectile" into the Yard near a group of inmates, including Plaintiff, who had already complied with orders to get onto the ground.  *Id*. Defendants Correction Officers J. Ormsby[4] ("Ormsby"), M. McShane ("McShane"), T. Stone ("Stone")[5], K. Wood ("Wood"), and Provost continued to fire rounds into the Yard.  *Id.*  One round struck Plaintiff in the face causing his tooth to fall out and swelling to his right eye.  *Id*.  Ashline and Bomradier were present at the time that

---

[1] The Clerk of the Court is directed to add these defendants to the docket report.

[2] The Clerk of the Court is directed to terminate Allon and the New York Dep't of Corrections as defendants.

[3] In the original Complaint, Plaintiff referred to defendant as "D. Bombaidier". The Clerk of the Court is directed to amend the docket report accordingly.

[4] In the original Complaint, Plaintiff referred to defendant as "Ormby." The Clerk of the Court is directed to amend the docket report accordingly.

[5] In the original Complaint, Plaintiff referred to defendant as "T. Stane." The Clerk of the Court is directed to amend the docket report accordingly.

Defendants were discharging their weapons into the Yard at the inmates who already complied with orders. Am. Compl. at 10.

Defendants Corrections Officers N. Bola ("Bola"), McIntyre, Siskavich, Christon, Smith, Darras, Clancy, Reese, Baxter, S. Gonyo ("Gonyo"), Nephew, Forkey, Carter, Cymbark, Mahan, Randall, Sergeant T. King[6] ("King"), Sergeant W. LeClar ("LeClar"), Deltis, McShane, Stone, Wood, Ormsby, and Ashline reported to the Main Yard to provide security. Am. Compl. at 11. However, defendants fled from the Yard when the inmates continued to attack each other, with weapons. *Id*.

After the officers left the Yard, Plaintiff was attacked by approximately twenty unidentified inmates with razors and other weapons. Am. Compl. at 12, 14. Plaintiff was rendered unconscious and sustained several lacerations, three broken ribs, swelling to his face, loose teeth, and a collapsed lung. *Id*. at 12, 14.

Defendants Bradford, Whalen, and LeClar forced Plaintiff to walk to the hospital. Am. Compl. at 13. Plaintiff complained to defendant Superintendent Bell ("Bell"), Zarniak, Holdridge, Trombley, Duquette, James, Delutis, Bradford, Whalen, Randall, Bomradier, King, Deltis, and LeClar that he was injured and could not walk. *Id*. Plaintiff was transferred to the emergency room at Champlain Valley Physicians Hospital for medical treatment including stitches and treatment for his collapsed lung. *Id*. Upon Plaintiff's return to Clinton C.F., he was confined in the prison hospital for three days. *Id*.

Plaintiff received a misbehavior report related to the June 11, 2019 incident. Am.

---

[6]   In the original Complaint, Plaintiff referred to defendant as "G. King." The Clerk of the Court is directed to amend the docket report accordingly.

Compl. at 14. On June 17, 2019, defendant Assistant Deputy Superintendent Swenny[7] ("Swenny") presided over a disciplinary hearing related to the report. *Id*. at 14-15. Swenny refused to consider a video that demonstrated that Plaintiff did not violate prison rules. *Id*. at 14. On June 20, 2019, at the conclusion of the hearing, Swenny sentenced Plaintiff to sixty days in keeplock with a corresponding loss of privileges. *Id.* at 14-15. On June 21, 2019 and June 23, 2019, Plaintiff sent letters, via the United States Mail, to defendants J. O'Gorman ("O'Gorman") and Governor Andrew Cuomo ("Cuomo") appealing the determination.[8] Am. Compl. at 15. Plaintiff did not receive a response.[9] *Id*.

Construing the Amended Complaint liberally, Plaintiff asserts the following: (1) Eighth Amendment excessive force and failure-to-protect claims; (2) Eighth Amendment deliberate medical indifference claims; (3) Fourteenth Amendment equal protection claims; and (4) Fourteenth Amendment due process claims. *See generally*, Am. Compl. Plaintiff seeks monetary damages. *See id.* at 17.

## III.   SUFFICIENCY OF AMENDED COMPLAINT

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) was discussed at length in the August Order and it will not be restated in this Decision and Order. Dkt. No. 7 at 2-4. The Court will construe the allegations in the Amended Complaint with the utmost leniency. *See, e.g.,*

---

[7]   In the original Complaint, Plaintiff referred to defendant as "Sweeney." The Clerk of the Court is directed to amend the docket report accordingly.

[8]   Plaintiff alleges that his "appeal was turned over" but fails to provide any further details or explanation.

[9]   Plaintiff also appealed to "D. Venettozzi" however, Venetozzi is not named as a defendant in the caption or list of parties in the Amended Complaint.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

### A.     Eighth Amendment

#### 1.     Excessive Force and Failure to Protect

The law related to Eighth Amendment excessive force and failure-to-protect claims was discussed in the August Order and will not be restated herein.  Dkt. No. 7 at 11-13.   In the August Order, the Court acknowledged that Plaintiff "identified the time, location, amount of force used, and the injuries allegedly sustained as a result of the incidents," Dkt. No. 7 at 13, but dismissed the Eighth Amendment claims reasoning:

> Here, Plaintiff names sixteen individuals as defendants in the list of parties including the Governor, commissioners, corrections officers, and superintendents. *See* Compl. at 1-5. Fifteen of the named defendants however, are not referenced anywhere in the body of the Complaint and Plaintiff did not attribute any of the alleged constitutional violations to the defendants. Additionally, while Plaintiff claims he wrote to Bell, *see id.* at 8, he does not indicate when or where he forwarded his correspondence and the Complaint lacks factual allegations sufficient to plausibly suggest that Bell was personally involved in conduct that violated Plaintiff's constitutional rights.  The Complaint is void of facts suggesting that Defendants witnessed the alleged assaults or that they were in the vicinity of the alleged assaults.  Moreover, the pleading lacks information related to how or when Defendants became aware that the assaults occurred. Indeed, the Complaint does not contain any facts connecting any named defendant to any alleged constitutional violation. Therefore, Plaintiff has failed to plead that Defendants were deliberately indifferent for failing to protect Plaintiff from the risk of harm in violation of his Eighth Amendment rights.

Dkt. No. 7 at 13-14.

In the Amended Complaint, Plaintiff claims that Provost, Ormsby, McShane, Stone,

and Wood fired rounds into "a crowd of inmates that had complied [with] orders" causing Plaintiff to sustain physical injuries. See Am. Compl. at 10. Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court will require McShane, Ormsby, Wood, Stone, and Provost to respond to Plaintiff's Eighth Amendment excessive force claims. *See Sales v. Barizone*, No. 03 CIV. 6691, 2004 WL 2781752, at *11 (S.D.N.Y. Dec. 2, 2004) ("[P]rison officials 'must balance the need 'to maintain or restore discipline' through force against the risk of injury to inmates' whether reacting to a riot or a lesser disruption.") (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)).

Similarly, at this juncture, Plaintiff has stated cognizable claims for failure to protect from other inmates against Ashline, Bomradier, Bola, McIntyre, Siskavich, Christon, Smith, Darras, Clancy, Reese, Baxter, Gonyo, Nephew, Forkey, Carter, Cymbark, Mahan, Randall, King, LeClar, Deltis, McShane, Stone, Wood, and Ormsby. In so ruling, the Court expresses no opinion as to whether Plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

### 2. Deliberate Medical Indifference

Plaintiff asserts deliberate medical indifference claims against Bell, Zarniak, Holdridge, Bradford, Trombley, Duquette, James, Whalen, Delutis, Randall, Bomradier, King, and LeClar. *See* Am. Compl. at 13.

Claims that prison officials have intentionally disregarded an inmate's medical needs fall under the umbrella of protection from the imposition of cruel and unusual punishment afforded by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction

7

of pain" and is incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Id*. at 104; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986). While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.' " *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104). "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted). Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Second, the defendant must act with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837; *see also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (with respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.' ").

Non-medical personnel may only be held liable for deliberate indifference to medical needs upon a showing that they intentionally denied or delayed plaintiff's access to medical care or intentionally interfered with medical treatment once it was prescribed. *See Banks v. No. 8932 Corr. Officer*, No. 11-CV-8359, 2013 WL 673883, at *4 (S.D.N.Y. Feb. 25, 2013)

("A prison guard's deliberate indifference to a serious medical need of a prisoner means intentionally denying or delaying access to medical care or intentionally interfering with medical treatment once it was prescribed."); *Davidson v. Scully*, No. 83-CV-2025, 1994 WL 669549, at *12 (S.D.N.Y. Nov. 30, 1994) ("Evidence of deliberate indifference may be found in: a lengthy delay in arranging for medically indicated treatment for a prisoner's serious medical problem, . . . deliberate interference with a prisoner's prescribed treatment, . . . the refusal of prison officials to provide necessary medical care as punishment for misconduct unrelated to the prisoner's medical condition, . . . and a serious failure to provide needed medical attention when prison officials are fully aware of that need....") (internal quotation marks and citations omitted)); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (noting that deliberate indifference may be manifested when prison guards intentionally deny or delay access to medical care).

Here, even assuming Plaintiff's injuries were objectively serious, the Amended Complaint lacks allegations which plausibly suggest that Defendants intentionally denied Plaintiff access to medical care. Indeed, by his own admission, Plaintiff was transported to a local hospital where he received medical treatment and, upon his return to Clinton C.F., he was admitted to the infirmary for three days. *See* Compl. at 14.

Accordingly, Plaintiff's Eighth Amendment medical indifference claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

    **B.    Fourteenth Amendment**

        **1.    Equal Protection**

The law related to Fourteenth Amendment equal protection claims was discussed in

9

the August Order and will not be restated herein. Dkt. No. 7 at 7-8. In the August Order, the Court dismissed the equal protection claims because Plaintiff failed to plead facts suggesting that he was treated differently than any similarly situated inmates. *Id*. at 8.

Despite being given the opportunity to amend the Complaint, Plaintiff has failed to cure the deficiencies in this claim. Accordingly, for the reasons set forth in the August Order, Plaintiff's equal protection claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### 2. Due Process

Construing the Amended Complaint liberally, Plaintiff alleges that Swenny violated his Fourteenth Amendment rights and that O'Gorman and Cuomo failed to remedy the constitutional violations, once they were placed on notice.

The law related to Fourteenth Amendment due process claims was discussed in the August Order and will not be restated herein. Dkt. No. 7 at 9-11. In the August Order, the Court dismissed Plaintiff's due process claims because he failed to plead that his conditions of confinement were" more onerous than usual," to establish that he suffered from a deprivation of a valid liberty interest. *Id*. at 10-11. Moreover, the Court reasoned that even assuming he was deprived of a liberty interest, the Complaint lacked essential facts related to the disciplinary hearing including the name of the presiding officer, the date of the hearing, or the evidence presented, suggesting that Plaintiff was denied due process. *Id*. at 11.

Although Plaintiff was given an opportunity to cure the defects in the due process claim, he has not plead facts suggesting that his keeplock confinement presented unusually harsh or atypical conditions that significantly differed from ordinary prison conditions. Plaintiff summarily alleges that he is a "mental health level 2 inmate" and, as such, his time in

10

keeplock was a "mental hardship." *Id*. The Amended Complaint however, is devoid of any facts related to the conditions that Plaintiff allegedly endured in his keeplock confinement or how long Plaintiff was actually confined.

Accordingly, for the reasons set forth herein and in the August Order, Plaintiff's due process claims against Swenny, O'Gorman, and Cuomo are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 8) is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket report for this action, consistent with this Order; and it is further

**ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) Eighth Amendment deliberate medical indifference claims; (2) Fourteenth Amendment equal protection claims; and (3) Fourteenth Amendment due process claims it is further

**ORDERED** that the following claims survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b): (1) Eighth Amendment excessive force claims against McShane, Ormsby, Wood, Stone, and Provost; and (2) Eighth Amendment failure-to-protect claims against Ashline, Bomradier, Bola, McIntyre, Siskavich, Christon, Smith, Darras, Clancy, Reese, Baxter, Gonyo, Nephew, Forkey, Carter, Cymbark, Mahan,

11

Randall, King, LeClar, Deltis, McShane, Stone, Wood, and Ormsby; and it is further

**ORDERED** that T. Allon, Annucci, New York Dep't of Corrections, Swenny, Cuomo, O'Gorman, Bradford, Whalen, Bell, Zarniak, Holdridge, Trombley, Duquette, James, and Delutis are **DISMISSED** as defendants herein; and it is further

**ORDERED** that upon receipt of the documents required for service, the Clerk shall issue summonses and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon Defendants. The Clerk shall forward a copy of the summonses and Amended Complaint to the Office of the Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the Amended Complaint be filed by the remaining defendants, or counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to**

**promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

Dated: September 11, 2020

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge