UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEREMY JOSEPH REYNOLDS,

                              *Plaintiff*,

                                              20-CV-0686
-against-                              (TJM/ML)

T. STONE et al.,

                              *Defendants*.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

                                                    LETITIA JAMES
                                                    Attorney General of the State of New York
                                                    *Attorney for Defendants*
                                                    The Capitol
                                                    Albany, New York 12224

Matthew J. Gallagher
Assistant Attorney General, of Counsel
Bar Roll No. 701111
Telephone: (518) 776-2284
Email: Matthew.Gallagher@ag.ny.gov

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

    POINT I:    PLAINTIFF'S OPPOSITION IS GROSSLY IMPROPER ................. 1

    POINT II:    PLAINTIFF ADMITS THAT DEFENDANTS ASHLINE, CLANCY, DARRAH, DELUTIS, FORKEY, LECLAIR, MCINTYRE, RANDALL, REESE, SISKAVICH AND SMITH HAD NO PERSONAL INVOLVEMENT IN THE ALLEGED CONSTITUTIONAL DEPRIVATION ............................ 3

    POINT III:    PLAINTIFF'S RESPONSE FAILS TO RAISE A GENUINE DISPUTE AS TO ANY MATERIAL FACT THAT TOWER DEFENDANTS AND RESPONDING DEFENDANTS DID NOT ACT WITH DELIBERATE INDIFFERENCE ............................ 4

    POINT IV:    PLAINTIFF DOES NOT DISPUTE THAT THE RESPONDING DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ............................................................................ 6

CONCLUSION ............................................................................................................................... 7

**PRELIMINARY STATEMENT**

In their memorandum of law and supporting papers, Defendants demonstrated that they are entitled to summary judgment dismissing Plaintiff's Amended Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP") on various grounds. Plaintiff's opposition to Defendants' motion (1) is grossly improper, as it is procedurally and substantively deficient; (2) admits that certain Defendants had no personal involvement in the alleged constitutional deprivation; (3) consists of conclusory, self-serving, and speculative statements, without any supporting objective evidence or legal authority, that fails to raise any genuine dispute of fact or would otherwise defeat Defendants' motion for summary judgment; and (4) is lacking any cognizable argument why the Responding Defendants are not entitled to qualified immunity. Therefore, as there is no genuine factual dispute that Defendants are entitled to summary judgment, Defendants' motion should be granted and Plaintiff's Amended Complaint should be dismissed, with prejudice, as a matter of law.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S OPPOSITION IS GROSSLY IMPROPER**

As a threshold matter, Plaintiff's opposition should be struck for being procedurally and substantively deficient. Rule 11 of the Federal Rules of Civil Procedure provides:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed.R.Civ.P. 11(a). No portion of Plaintiff's opposition contains a proper signature or the other information required by Fed.R.Civ.P. 11(a). In fact, the opposition, as a whole, is grossly improper, as it is duplicative, contradictory, and, apparently, incomplete.

As part of his opposition, Plaintiff filed what appears to be two separate Responses to Statement of Material Fact. The first is titled, "Response to Defendants Motion for Summary Judgment" (hereinafter referred to as "RSMF #1"), Dkt. No. 57 at 1-3, and the second is titled "Response to Motion to Summary Judgment Statement and Response" (hereinafter "RSMF #2"), Dkt. No. 57 at 4-7. RSMF #1 and RSMF #2 contradict each other in multiple instances. Specifically, in RSMF #1 Plaintiff admits as "true" the statements in paragraphs 17, 25, 28, 29, 31, and 39 of Defendants' Statement of Material Fact, but Plaintiff does not admit the same allegations in RSMF #2. This is relevant as paragraphs 21 through 31 of Defendants' Statement of Material Fact are associated with the actions of the Tower Defendants and how their actions were reasonable given the circumstances.

Other portions of Plaintiff's opposition are equally deficient and improper. Defendants served Plaintiff with NDNY's "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" (hereinafter referred to as "Notification of Consequences") when they served their motion. See Dkt. No. 51, Declaration of Service. Despite this notice, Plaintiff's response is improper and deficient. Along with RSMF#1 and RSMF #2, Plaintiff filed two separate Statements of Fact; a blank page with the heading, "Memorandum of Law in Support of Statement of Facts"; and a page containing only three case citations, one of which is incomplete. None of these portions of the filing contain any substantive or authoritative grounds to defeat Defendants' motion for summary judgment. As such, and as set forth in the Notification of Consequences, the Court should deem that Plaintiff has admitted the relevant factual statements, where they were admitted in one instance, and conceded Defendants' legal arguments.

Plaintiff should not be given leniency from the Court in deciding Defendants' motion for summary judgment, as suggested in the cover letter to the response. See Dkt. No. 57-1. As

previously stated, Plaintiff received the "Notifications of Consequences" and was fully aware of the possible dispositions should he fail to submit a proper response to Defendants' motion. Moreover, Plaintiff previously requested the Court grant him additional time to respond to Defendants' motion, which the Court granted. See Dkt. Nos. 54, 55. Plaintiff was given an extension of time until January 24, 2022 to file his response. Plaintiff's cover letter was dated December 22, 2021, the only date on any of his papers, suggesting that he could have spent at least another month preparing his response before filing. Thus, any shortcomings or deficiencies in Plaintiff's response are the sole result of his choosing to file the response early.

## POINT II

### PLAINTIFF ADMITS THAT DEFENDANTS ASHLINE, CLANCY, DARRAH, DELUTIS, FORKEY, LECLAIR, MCINTYRE, RANDALL, REESE, SISKAVICH AND SMITH HAD NO PERSONAL INVOLVEMENT IN THE ALLEGED CONSTITUTIONAL DEPRIVATION

Plaintiff sets forth no evidence that creates a genuine dispute as to any material fact that Defendants Ashline, Clancy, Darrah, Delutis, Forkey, Leclair, Mcintyre, Randall, Reese, Siskavich, and Smith were not personally involved in the alleged Constitutional deprivation. Plaintiff expressly admits all Defendants' factual statements associated with the foregoing defendants. See RSMF #1 and RSMF #2 ¶¶42-53. Equally, Plaintiff makes no argument whatsoever that said defendants had any involvement in Plaintiff's alleged Constitutional deprivation. Therefore, Plaintiff's claims against Defendants Ashline, Clancy, Darrah, Delutis, Forkey, Leclair, Mcintyre, Randall, Reese, Siskavich, and Smith should be dismissed with prejudice. See Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way.").

# POINT III

## PLAINTIFF'S RESPONSE FAILS TO RAISE A GENUINE DISPUTE AS TO ANY MATERIAL FACT THAT TOWER DEFENDANTS AND RESPONDING DEFENDANTS DID NOT ACT WITH DELIBERATE INDIFFERENCE

Plaintiff raises no genuine dispute of material fact that the Tower Defendants[1] or Responding Defendants[2] did not act with deliberate indifference in regard to Plaintiff. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (recognizing that the second requirement under an Eighth Amendment conditions of confinement claim requires a plaintiff to show prison officials acted with deliberate indifference to inmate's health or safety).

It is well established that the burden on summary judgment falls on the moving party, and "[o]nce a party moving for summary judgment has made the requisite showing that there is no factual dispute, the nonmoving party bears the burden of presenting evidence to show that there is, indeed, a genuine issue for trial." Santos v. Murdock, 243 F.3d 681, 683 (2d Cir. 2001). However,

> the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff. To defeat summary judgment, therefore, nonmoving parties must do more than simply show that there is some metaphysical doubt as to the material facts, and they may not rely on conclusory allegations or unsubstantiated speculation.

Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005).

Plaintiff fails to make any showing that, given the undisputed material facts, any jury could reasonably find for Plaintiff. Specifically, Plaintiff offers no substantive evidence that the Tower Defendants and Responding Defendants did not provide Plaintiff with "reasonable good faith

---

[1] As set forth in Defendants' initial motion papers, defendants McShane, Ormsby, Stone, and Wood are collectively referred to as the "Tower Defendants."

[2] As set forth in Defendants' initial motion papers, defendants Baxter, Bola, Bombardier, Carter, Christon, Cymbrak, Gonyo, King, Mahan, and Nephew are collectively referred to as the "Responding Defendants."

4

protection" during the brawl. See Rigano v. County of Sullivan, 486 F. Supp. 2d 244, 256 (S.D.N.Y. 2007). It cannot be said that the Tower Defendants and Responding Defendants disregarded the risks to Plaintiff and other individuals associated with the brawl such that said Defendants could be found to be deliberately indifferent. Amongst other things, the Tower Defendants deployed approximately twenty-two (22) canisters of gas to quell the fighting between 45-60 incarcerated individuals. A "level" was called to increase the number of corrections officers present in the yard from the time the fighting began, who were originally outnumbered by incarcerated individuals as much as 20 to 1. Ultimately, it cannot reasonably be said that the response in these dire circumstances was not reasonable or that Defendants were deliberately indifferent.

At best, Plaintiff makes conclusory, self-serving, and speculative allegations that corrections officers generally intervene before gas is deployed, Tower Defendants could have used live ammunition, there was never a "clear and reasonable threat" to any correction officers' safety, and inmates began fighting after gas was initially deployed because certain defendants retreated and abandoned the yard. However, these statements do not raise any genuine dispute of material fact capable of defeating Defendants' motion for summary judgment. Specifically, Plaintiff fails to demonstrate, or even allege, that correction officers generally intervene in massive brawls before gas is deployed. Equally, Plaintiff does not allege that the use of live ammunition by the Tower Defendants was more reasonable than the use of gas. To the extent Plaintiff infers any such allegation, the same is patently false. The use of live ammunition would have significantly increased any risk of harm to the incarcerated individuals in the yard at the time of the brawl, including Plaintiff. Furthermore, the allegation that there was never a "clear and reasonable threat" to any correction officer's safety is directly controverted by the facts detailed in the exhibits

accompanying Defendants' summary judgment motion, including but not limited to the video recording of the incident. Finally, the allegation that the incarcerated individuals began fighting again after the gas was initially deployed is pure speculation.

Plaintiff's effort to strike the video recording of the brawl from the summary judgment record is equally unavailing. Plaintiff argues that the video recording of the incident provided to the Court "is not admetable [sic] as it was not released in discovercey [sic]." Assuming that Plaintiff means the video is inadmissible as part of the summary judgment record because it was not produced during discovery, that is patently false. Defendants expressly identified the video footage of the incident, amongst other things, in their mandatory disclosures and explained that it was not produced because Plaintiff, as an incarcerated individual, was not entitled to possess such an item. See Defendants' Mandatory Disclosure 4, annexed to Gallagher Affirmation in Support of Reply as **Exhibit D**. Plaintiff was invited to contact Defense counsel to arrange a time for Plaintiff to review the items not being produced. Id. To the extent the video was not produced to Plaintiff during discovery, it was due solely to Plaintiff's nonfeasance in contacting Defense counsel as instructed in Defendants' mandatory disclosures. Thus, the video recording of the incident is properly admitted as part of the summary judgment record.

## POINT IV

### PLAINTIFF DOES NOT DISPUTE THAT THE TOWER DEFENDANTS AND RESPONDING DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

In their motion, the Tower Defendants and Responding Defendants effectively establish that, in the event they are found liable for the alleged constitutional violation, which said Defendants vehemently deny, they are entitled to qualified immunity. Plaintiff fails to address this argument in any way in his response. At most, Plaintiff sets forth conclusory, self-serving, and speculative statements regarding actions corrections officers generally take or Defendants could

have taken to protect him during the incident. However, Plaintiff fails to identify a statutory or constitutional right that was violated by Defendants that was clearly established on June 11, 2019, in light of all the steps taken by Defendants on that date during the incident to protect him and all the incarcerated individuals in the yard. Therefore, if necessary, Defendants should be granted qualified immunity, and Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice.

## **CONCLUSION**

Based upon the foregoing reasons, Defendants' motion for summary judgment should be granted and the Amended Complaint should be dismissed in its entirety, with prejudice, and Defendants should be awarded costs, expenses, and such other relief as this Honorable Court deems just, proper, and equitable.

Dated: Albany, New York
       January 31, 2022

                                    LETITIA JAMES
                                    Attorney General of the State of New York
                                    *Attorney for Defendants*
                                    The Capitol
                                    Albany, New York 12224-0341

                                    By: s/ Matthew J. Gallagher
                                    Matthew J. Gallagher, of Counsel
                                    Bar Roll No. 701111
                                    Telephone: (518) 776-2284
                                    Email: Matthew.Gallagher@ag.ny.gov


TO:    Jeremy Joseph Reynolds
          21-B-1423
          Attica Correctional Facility
          Box 149
          Attica, NY 14011