**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JEREMY JOSEPH REYNOLDS,**

               **Plaintiff,**

  v.                                    **9:20-CV-686**
                                         **(TJM/ML)**

**T. STONE, C.O., Clinton Correctional Facility,**
**et al.,**

               **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

      Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants, Correction Officers at the Clinton Correctional Facility in Dannemora, New York, violated his constitutional rights by failing to protect him from injuries he sustained during a fight between dozens of prisoners in the recreation yard at the facility. Plaintiff suffered serious injuries when he was stabbed and struck during an attack by other inmates. The Court referred the matter to the Hon. Miroslav Lovric, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

      The Report-Recommendation, dated June 21, 2022, recommends that the Court grant Defendants' motion for summary judgment. See dkt. # 59. Judge Lovric finds that no evidence supports Plaintiff's claims that the Defendant Correction Officers acted with deliberate indifference to a substantial risk of serious harm. Some of the Defendant

1

Officers, Judge Lovric notes, were not present at the time of the alleged incident. Others, who observed the yard from watch towers, acted reasonably in firing tear-gas canisters multiple times into the massed inmates in an attempt to quell the fighting that erupted in the yard. Judge Lovric also finds that a third group of officers, who responded to the yard, are also entitled to summary judgment. That group of officers, Judge Lovric concludes, did not act to create any substantial risk of harm and in the end acted reasonably to protect the Plaintiff from harm in light of the situation on the ground. Moreover, Judge Lovric concludes, all Defendants would be entitled to qualified immunity even if they had violated Plaintiff's constitutional rights.

Plaintiff filed objections to the Report-Recommendation. See dkt. # 60. When a party objects to a magistrate judge's Report-Recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in Plaintiff's objections, this Court has determined to accept and adopt the recommendation of Judge Lovric for the reasons stated in the Report-Recommendation. Plaintiff's objection is brief and claims that the Defendants "did not protect me" even though they had prior knowledge that a riot would occur. He does not point to support in the record for this position, and does not challenge any of the bases for Judge Lorvic's recommendations.

It is therefore **ORDERED** that Plaintiff's objections to the Report-Recommendation of Magistrate Judge Lovirc, dkt. # 60, are hereby OVERRULED.  The Report-Recommendation, dkt. # 59, is hereby ACCEPTED and ADOPTED.   Defendants' motion for summary judgment, dkt. # 48, is hereby GRANTED.  The Clerk of Court is directed to CLOSE the case.

**IT IS SO ORDERED.**

Thomas J. McAvoy
Senior, U.S. District Judge

Dated: August 3, 2022